■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH OLIVER, Appellant.—Judgment of the Supreme Court, New York County (Peggy Bernheim, J.), rendered May 3, 1984, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and sentencing him as a second violent felony offender to an indeterminate term of imprisonment of 2½ to 5 years, is unanimously modified, as a matter of discretion in the interest of justice, defendant's adjudication as a second violent felony offender reversed and defendant sentenced as a second felony offender to a term of imprisonment of 2 to 4 years, and the judgment is otherwise affirmed.

Although not argued on appeal, we note that defendant was improperly adjudicated a second violent felony offender and that the sentence imposed is excessive as a matter of law. As a matter of discretion and in the interest of justice, we vacate his sentence and sentence him as a second felony offender to a term of imprisonment of 2 to 4 years.

Defendant was convicted of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) for his

possession of a knife. Pursuant to Penal Law § 70.02 (1) (c), only Penal Law § 265.02 (4) (5), pertaining to the possession of firearms, constitute violent felonies. Consequently, defendant's adjudication as a violent felon, based on his conviction for the possession of a knife, was erroneous.

However, having been previously convicted of a felony, which defendant failed to controvert, defendant can properly be sentenced as a second felony offender. Since the trial court intended to sentence defendant under an enhancement statute and clearly expressed its intent to impose the minimum sentence permitted, we exercise our powers under CPL 470.20 to modify the judgment to the extent of reversing defendant's sentence and imposing a new sentence of imprisonment of 2 to 4 years under Penal Law § 70.06. Concur—Sandler, J. P., Sullivan, Carro and Rosenberger, JJ.