■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHIP R. GARRETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered November 14, 1985, convicting him of burglary in

the third degree and criminal mischief in the second degree, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of from 2 to 4 years' imprisonment as a second violent felony offender.

Ordered that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender and by substituting in its place an adjudication that he is a second felony offender pursuant to Penal Law § 70.06; as so modified, the judgment is affirmed; the defendant's commitment papers are modified accordingly.

The defendant was improperly sentenced as a second violent felony offender since neither the crime of burglary in the third degree of which he presently stands convicted, nor the crime of burglary, for which he was convicted in Nebraska in 1976, constitutes a violent felony offense (Penal Law § 70.02 [1]). Nevertheless, a careful analysis of the Nebraska burglary statute upon which the defendant's predicate offender status was based reveals that defendant should have been sentenced as a second felony offender pursuant to Penal Law § 70.06. A prior out-of-State conviction is a predicate felony conviction in New York when the conviction is for a crime whose elements are equivalent to those of a New York felony, and when the foreign conviction carries with it an authorized sentence in excess of one year and a sentence in excess of one year is also authorized for the offense in this State (see, Penal Law § 70.06 [1]; *People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982; *People v Gonzalez,* 61 NY2d 586; *People v Scott,* 111 AD2d 45). At bar, the elements of the Nebraska burglary statute pursuant to which the defendant was convicted are comparable to the elements of the felony of burglary in the third degree in New York (see, Penal Law § 140.20), and both statutes authorize sentences of more than one year (see, *People v Dippolito,* 88 AD2d 211). Accordingly, the judgment of conviction has been modified to the extent indicated. However, since the sentence actually imposed on the defendant, i.e., 2 to 4 years' imprisonment, is the authorized minimum sentence for a second felony offender who stands convicted of a class D felony (see, Penal Law § 70.06 [3], [4]), there is no need to remit the matter for resentencing. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.