■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GADSON, Appellant.—Appeal by the defendant from a sentence of the Supreme Court, Kings County (Coffinas, J.), imposed May 8, 1986, upon his conviction of sexual abuse in the first degree, upon his plea of guilty, the sentence being an indeterminate term of 1½ to 3 years' imprisonment as a second felony offender.

Ordered that the sentence is modified, on the law, by vacating the defendant's adjudication as a second felony offender and reducing his sentence to an indeterminate term of 1 to 3 years' imprisonment; as so modified, the sentence is affirmed.

The defendant was improperly adjudicated a second felony offender because the elements of the offense which served as the predicate for this adjudication did not constitute a felony

in New York *(see, People v Sailor,* 65 NY2d 224, *cert ·denied* 474 US 982; *People v Gonzalez,* 61 NY2d 586). The defendant's prior conviction, entered in 1985, was for unlawful possession of a weapon in the third degree in violation of New Jersey Code of Criminal Justice § 2C:39-5 (b). The defendant was sentenced to four years' incarceration for that conviction.

The New Jersey statute in question provided: "Any person who knowingly has in his possession any handgun * * * without first having obtained a permit to carry the same * * * is guilty of a crime of the third degree." (NJ Code of Crim Justice § 2C:39-5 [b].)

The elements of this crime are: (1) knowing possession (2) of a handgun (3) without a legal permit. Penal Law § 70.06 (1) (b) (i) provides that a prior out-of-State conviction may be used as a basis for a second felony offender adjudication if the prior conviction is for a crime for which a sentence in excess of one year "was authorized and is authorized in this state irrespective of whether such sentence was imposed". In addition, the elements of the out-of-State offense must be the equivalent to a New York felony *(see, People v Garrett,* 130 AD2d 505, *lv denied* 70 NY2d 646).

In this case, the elements of the New Jersey statute are the same as those of the New York crime of criminal possession of a weapon in the fourth degree, Penal Law § 265.01 (1), a class A misdemeanor. Accordingly, since the defendant was improperly sentenced as a second felony offender, the judgment of conviction has been modified to the extent indicated. There is no need to remit this case for resentencing because when the defendant entered his plea of guilty, the court clearly promised to impose a sentence of 1 to 3 years' incarceration if it were· determined that the defendant was not a second felony offender. Therefore, the sentence is modified in conformance with this promise *(see, People v Oliver,* 123 AD2d 262, *lv denied* 68 NY2d 916; *People v Tilman,* 114 AD2d 799, 801). Mollen, P. J., Bracken, Kunzeman and Spatt, JJ., concur.