■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLLOMAN, Appellant. [641 NYS2d 399] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 17, 1993, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court improperly sentenced him as a second felony offender based on his prior conviction in South Carolina. We disagree. The elements of the South Carolina purse-snatching statute pursuant to which the defendant was convicted are equivalent to the elements of the felony of grand larceny in the fourth degree in New York, and both statutes authorize sentences of more than one year (*see,* Penal Law § 155.30 [5]; SC Code § 16-13-150; *People v Gonzalez,* 61 NY2d 586; *People v Muniz,* 74 NY2d 464, 467-468; *People v Garrett,* 130 AD2d 505, 506). Accordingly, the court properly sentenced the defendant as a second felony offender. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JILES, Appellant. [641 NYS2d 560] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered February 10, 1995, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.