■ The People of the State of New York, Respondent, v Frank Gonzalez, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered November 17, 1983, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence as a persistent violent felony offender.

Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

As the People concede, Criminal Term erred in adjudicating defendant a persistent violent felony offender. Defendant's two prior violent felony convictions were both rendered on September 14, 1979, upon his pleas of guilty to robbery in the first degree and attempted robbery in the first degree, under separate indictments, and concurrent terms of imprisonment were imposed. In *People v Morse* (62 NY2d 205, 213, *appeal dismissed sub nom. Vega v New York,* — US —, 105 S Ct 951), the Court of Appeals held that the persistent violent felony statute (Penal Law § 70.08) could not apply to a defendant unless "each of the two or more predicate violent felony convictions other than the first was for a felony which oc-

curred after sentence had been imposed for the conviction which preceded it". Since the two prior felony convictions in question were rendered on the same day, defendant must be sentenced as a second violent felony offender *(see, People v Taylor,* 103 AD2d 853).

We have reviewed so much of defendant's other claims as have been preserved for our review and find them to be without merit. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GRANT, Also Known as THOMAS GALLO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered July 26, 1982, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.