■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v McKINLEY MERRITT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 8, 1983, convicting him of robbery in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender (Penal Law § 70.08) to an indeterminate term of 10 years to life imprisonment.

Judgment modified, on the law, by vacating the sentence and remitting the matter to the Supreme Court, Kings County, for the resentencing of defendant as a second violent felony offender pursuant to Penal Law § 70.04. As so modified, judgment affirmed.

Defendant asserts three instances of Trowbridge error (see, People v Trowbridge, 305 NY 471), two of which were not objected to at trial and therefore any error of law with respect thereto has not been preserved for our review (see, CPL 470.05 [2]; People v Love, 57 NY2d 1023). In view of the strength of the identification testimony, the alleged errors must be deemed harmless since there was no substantial issue on the point (see, People v Mobley, 56 NY2d 584; People v Caserta, 19 NY2d 18). Defendant's contention that the prosecutor's summation was so improper as to require a new trial is likewise unpreserved for our review (see, People v Nuccie, 57 NY2d 818). In any case, we note that there is no merit to defendant's argument. Taken in context and viewed in the totality of the

trial *(see, People v Galloway,* 54 NY2d 396; *People v Gilmore,* 106 AD2d 399),* it cannot be said that the prosecutor's comments in summation exceeded the bounds of legitimate advocacy *(see, People v Shanis,* 36 NY2d 697).

Similarly unpreserved and unavailing is defendant's claim concerning the inadequacy of the trial court's supplemental charge to the jury *(see, People v Rios,* 100 AD2d 521), as the court meaningfully responded to the jury's request for further instruction *(see,* CPL 310.30; *People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847; *People v Arcarola,* 96 AD2d 1081).

The People concede that defendant was erroneously sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08. In *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York,* 469 US 1186), the Court of Appeals held that in order for a defendant to be sentenced as a persistent violent felony offender, the sentence for each of the predicate violent felony offenses must have been imposed prior to the commission of the next predicate offense *(see,* Penal Law § 70.08 [1]; § 70.04 [1] [b] [ii]). This sequentiality requirement was not fulfilled at bar, as defendant was not sentenced for the first felony until after he had committed the second felony for which he was convicted. Therefore, these two convictions must be considered one predicate violent felony offense pursuant to *People v Morse (supra),* and the matter must be remitted to the Supreme Court, Kings County, for the resentencing of defendant as a second violent felony offender pursuant to Penal Law § 70.04 *(see, People v Jackson,* 108 AD2d 757; *People v Taylor,* 103 AD2d 853).

We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.