■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RIVERA, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered October 31, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent indeterminate terms of from 7½ to 15 years, unanimously affirmed.

One of the arresting officers testified that while processing defendant's arrest for the sale of heroin, defendant stated, in the presence of the desk officer, that only a portion of the money represented drug proceeds. The arresting officer made a memo book entry reflecting defendant's statement. The alleged drug buyer, whose arrest was being processed at about the same time, testified that he had not heard defendant's inculpatory statement. Under these circumstances, the court properly refused defendant's request for a missing witness charge in connection with the People's failure to call the desk officer. There was no demonstration that this officer's testimony would have been noncumulative. *(People v Gonzalez,* 68 NY2d 424.) The buyer's testimony did not conflict with that of the arresting officer, since he only testified that he had not heard the statement rather than that the statement was not made. Furthermore, the officer's testimony was consistent with his memo book entry, supporting the view that, if called, the desk officer's testimony would have been cumulative. *(Cf., People v Fields,* 76 NY2d 761.)

We find that the trial court's standard instruction to the jury on interested witnesses clearly stated the applicable rule and fully apprised the jury of the appropriate analysis to be employed during deliberations. *(People v Agosto,* 73 NY2d 963.) There was no basis for singling out the police officers during the charge where it had not been established that they were interested witnesses.

Last, we have reviewed the Department of Probation's presentence report and conclude that defendant has failed to demonstrate that the sentencing court abused its discretion. Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.