■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS CANDELARIO, Appellant.—Judgments, Supreme Court, New York County (Daniel Sullivan, J.), rendered April 24, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and convicting him, upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to consecutive terms of imprisonment of 2-½ to 5 years and 1-½ to 3 years, respectively, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to vacate the sentence and remand for resentencing, and otherwise affirmed.

The trial court gave a fair and balanced interested witness charge, making clear to the jury that they could consider whether any witness had an interest in the case *(People v Agosto,* 73 NY2d 963, 967), and there was no basis for singling out the police officers as interested witnesses *(People v Rivera,* 176 AD2d 127, *lv denied* 78 NY2d 1129).

The People concede that the New Jersey conviction on which defendant's predicate felony status was based is not in fact a felony offense in New York *(People v Gadson,* 143 AD2d 360). Although defendant did not challenge the prior felony at sentencing, and indeed his counsel appeared to be under the impression that conviction under the relevant statute would constitute a felony in New York, we reach the issue in the interest of justice, and accordingly vacate the sentence and remand for resentencing. Of course, on remand, the People may allege a different prior felony conviction as the basis for predicate felony adjudication. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.