■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McQUILKEN, Appellant. [620 NYS2d 995] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 14, 1992, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction is not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Allen,* 165 AD2d 786).

While it is true that the prosecution's witnesses had themselves been involved in criminal activity, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Nor do we find that the prosecutor's summation warrants reversal *(see, People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105). Since timely objections were not made to the comments that the defendant now challenges, these

claims of error are not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, when viewed within the context of the trial evidence and the defense counsel's summation, it cannot be said that these remarks exceeded the bounds of fair comment *(see, People v Galloway, supra; People v Green,* 182 AD2d 704, 705).

The defendant was properly sentenced as a persistent violent felony offender *(see,* Penal Law § 70.08 [1]; § 70.04 [1] [b] [ii]; *People v Morse,* 62 NY2d 205; *People v Merritt,* 117 AD2d 629, 630).

We have reviewed the defendant's remaining contentions and find them to be without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.