OPINION OF THE COURT
 

 Rosenblatt, J.
 

 Following a Queens County jury verdict for robbery and burglary, defendant was improperly sentenced as a second violent felony offender. The enhanced sentence was unauthorized because defendant was sentenced for his predicate felony conviction after he had committed the Queens County crimes. This was apparent from the face of the record. Defendant made no protest at the time of sentencing, nor did anyone else bring it to the court’s attention. The question before us is whether defendant’s unauthorized sentence is nonetheless reviewable on appeal. We hold that it is.
 

 A Queens County jury found defendant guilty of a robbery and burglary committed on February 7, 1995. The prosecutor then filed a predicate felony statement seeking to have defendant sentenced as a second violent felony offender pursuant to Penal Law § 70.04 (1) (b). In the statement, the prosecution relied upon a March 28, 1995 Kings County conviction for second degree burglary as the sole predicate. Thus, when defendant committed the Queens County felonies, he had not yet been sentenced for the Kings County predicate.
 

 At the Queens County sentencing hearing, defendant admitted that, on March 28, 1995, he was convicted of burglary in Kings County. The court asked, “what’s the date of the crimes here,” and the prosecutor responded, “April 7th of ‘95.” The court said, “Okay,” and defendant raised no objection. The court next inquired whether defendant was raising any claim as to the constitutionality or lawfulness of the Kings County conviction. Defendant questioned its propriety on the ground that he was not fully informed of the consequences of the guilty plea on which it was based. The court adjourned the case to give the defense time to consider the issue.
 

 Following the adjournment, defendant and his attorney again appeared for sentencing. Both stated that there was no basis
 
 *55
 
 for challenging the Kings County conviction. Noting that it found no defects in the Kings County conviction, the court adjudicated defendant a second violent felony offender and sentenced him accordingly. Defendant, his attorney, the prosecutor and the court all failed to address the court’s lack of authority to sentence defendant as a predicate felon based on a conviction that, although valid, was out of sequence for purposes of enhanced sentencing.
 

 On appeal to the Appellate Division, defendant argued for the first time that the sentence was unauthorized because he had not been sentenced on the predicate offense before he committed the instant offense. The People argued that defendant’s failure to challenge the sentence below rendered his claim unpreserved or waived. The Appellate Division agreed with the People (258 AD2d 676). A Judge of this Court granted defendant leave to appeal. We modify by vacating defendant’s sentence and remitting for resentencing.
 

 Penal Law § 70.04 sets forth the criteria for determining when a felony can serve as a predicate for second felony violent offender status
 
 (see,
 
 Penal Law § 70.04;
 
 see generally,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 400.15, at 257). To qualify as a predicate violent felony conviction, “the sentence [under the predicate conviction] must have been imposed * * *
 
 before
 
 commission of the felony of which the defendant stands convicted” (Penal Law § 70.04 [1] [b] [iv] [emphasis added]). The provision is clear; the proper sequence of convictions is a condition of this sentencing format. Defendant’s sentence, imposed in violation of this statutory mandate, was unauthorized.
 

 The prosecution asserts that defendant expressly waived any objection to the unauthorized sentence. We disagree. At the sentencing proceedings, the participants centered their discussions solely on whether the Kings County conviction was based on a knowing, counseled guilty plea. No one said anything about the failure of the predicate to meet Penal Law § 70.04’s chronological requirements. Defendant never expressly waived his right to be sentenced in accordance with statutory requirements that evidently escaped everyone. That being so, we have no need to address the People’s argument that an express waiver would be enforceable.
 

 As to preservation, the prosecution’s principal contention is that defendant’s failure to register an objection at the time of sentencing precludes our review. Under the preservation rule,
 
 *56
 
 “points which were not raised at trial may not be considered for the first time on appeal”
 
 (People v Thomas,
 
 50 NY2d 467, 471, citing CPL 470.05;
 
 see generally,
 
 Karger, Powers of the New York Court of Appeals § 137 [3d ed]).
 

 When dealing with unauthorized sentences, this Court has often applied a narrow exception to the preservation rule. In
 
 People v Fuller
 
 (57 NY2d 152, 156), the sentencing court ordered the defendant to make restitution in an amount to be set by the Department of Probation. Despite the defendant’s failure to object at the time of sentencing, we allowed the appeal and ultimately determined that the sentence was unlawful, owing to the impermissible delegation of judicial authority
 
 (see, People v Fuller, supra,
 
 at 158-159). We observed that “[t]he right to be sentenced as provided by law, though not formally raised at the trial level, preserves a departure therefrom for review in this court”
 
 (People v Fuller, supra,
 
 at 156).
 

 Similarly, in
 
 People v Letterlough
 
 (86 NY2d 259), the defendant failed to preserve his argument that the sentencing condition imposed by the County Court was unlawful. Nevertheless, we held the claim reviewable because it “involve [d] the ‘ “essential nature” of the right to be sentenced as provided by law’ ”
 
 (id.,
 
 at 263, n 1;
 
 see also, People v Laureano,
 
 87 NY2d 640, 642-643 [defendant permitted to appeal sentencing court’s unlawful imposition of consecutive sentence even though defendant pleaded guilty and waived right to appeal];
 
 People v David,
 
 65 NY2d 809, 810 [District Attorney permitted to challenge illegal sentence absent preservation because “sentencing court exceeded its power in sentencing”];
 
 People v Lopez,
 
 28 NY2d 148, 152 [defendant may challenge unlawful consecutive sentence on appeal even though the sentence had been negotiated]).
 

 The prosecution acknowledges that a challenge to an unlawful sentence falls outside the preservation rule. It contends, however, that an unlawful adjudication of defendant’s “status” as a predicate felon is different — and requires preservation. In
 
 People v Morse,
 
 however, we entertained defendants’ challenge to the lawfulness of their status as predicate offenders even though they did not object at sentencing (62 NY2d 205, 214, n 2, citing
 
 People v Fuller, supra,
 
 57 NY2d 152). Invoking the Ex Post Facto Clause, defendants argued that they should not have been adjudicated predicate offenders based on felonies committed prior to the enactment of Penal Law §§ 70.04 and 70.08. Significantly,
 
 Morse
 
 involved an unpreserved but reviewable challenge to the lawfulness of
 
 *57
 
 defendants’ so-called status as predicate offenders. For preservation purposes, its holding collapses any purported distinction between an unlawful “status” and an unlawful sentence.
 

 The prosecution contends, however, that
 
 People v Smith
 
 (73 NY2d 961), decided after
 
 Morse,
 
 governs this appeal and calls for affirmance of the Appellate Division order based on defendant’s failure to preserve the issue. Again, we disagree. The underlying issue in
 
 Smith
 
 was whether the defendant’s prior Federal conviction was the equivalent of a New York felony for purposes of Penal Law § 70.04. After affirming the conviction for reasons stated at the Appellate Division, the Court concluded that
 

 “defendant failed to timely raise the issue of whether he was properly sentenced as a second felony offender by not controverting the allegations in the predicate felony statement (CPL 400.21 [3]). Accordingly, any question concerning whether defendant’s prior conviction of kidnapping under 18 USC § 1201 is equivalent to his conviction of a felony in New York has not been preserved for our review”
 
 (People v Smith, supra,
 
 73 NY2d, at 962-963).
 

 For purposes of preservation,
 
 Smith
 
 involved a question that differs from the one before us. Determining whether a particular out-of-State conviction is the equivalent of a New York felony may involve production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions
 
 (see,
 
 Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 70, at 345;
 
 see also, e.g., People v Yancy,
 
 86 NY2d 239, 247;
 
 People v Gonzalez,
 
 61 NY2d 586, 591-592;
 
 People v Abbott,
 
 113 Misc 2d 766, 768,
 
 affd
 
 178 AD2d 281). In keeping with the rule of preservation, issues of that type must be raised and explored at the trial court level, where a record is developed for appellate review.
 

 Contrastingly, an undisputed sequentiality issue, as in the case before us, does not involve inquiries of the
 
 Smith
 
 variety. Indeed, the court’s lack of authority to sentence a defendant as a predicate felon based on a conviction concededly out of sequence may be determined from the face of the appellate record, which necessarily contains both relevant dates. No resort to outside facts, documentation or foreign statutes is neces
 
 *58
 
 sary. Nothing short of a legislative amendment to Penal Law § 70.04 can transform an out-of-sequence conviction into an employable predicate.
 
 *
 

 The prosecution argues, however, that defendant’s claim is unreviewable because there was no error on the face of the “document” (i.e., the predicate felony statement). That, however, is not the issue. The statement merely recites the Kings County conviction. The issue is whether that conviction — correctly described — may serve statutorily as a basis for enhanced sentencing. When the statement is considered along with other information the court had before it (notably, the date of the Queens County crimes), the lack of sentencing authority is manifest.
 

 Lastly, the prosecution cites a line of cases in which this Court enforced the preservation requirement to defeat defense claims that the trial court failed to comply with procedures to determine defendant’s predicate felony status
 
 (e.g., People v Proctor,
 
 79 NY2d 992;
 
 People v Bouyea,
 
 64 NY2d 1140;
 
 People v Oliver,
 
 63 NY2d 973;
 
 People v Pellegrino,
 
 60 NY2d 636). Those cases do not involve sentencing power but relate to presentence procedures. Indeed,
 
 Oliver
 
 contrasted such procedural challenges with Morse-type challenges, in which “no objection was necessary in the trial court to preserve the issue on appeal because the court had exceeded its sentencing powers”
 
 (People v Oliver, supra,
 
 at 975).
 

 Accordingly, the order of the Appellate Division should be modified by vacating defendant’s sentence and remitting the case to Supreme Court for resentencing and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order modified, etc.
 

 *
 

 In a number of cases, the Appellate Division has not required preservation in this context
 
 (People v Robles,
 
 251 AD2d 20;
 
 People v Mendoza,
 
 207 AD2d 715;
 
 People v Rodriguez,
 
 191 AD2d 287). In others, the prosecution has conceded error in connection with predicate felony sentences that were based upon out-of-sequence convictions
 
 (e.g., People v Merritt,
 
 117 AD2d 629;
 
 People v Rodriguez,
 
 116 AD2d 749;
 
 People v Gonzalez,
 
 114 AD2d 972;
 
 People v Jackson,
 
 108 AD2d 757). In still others, the Appellate Division, in the interest of justice, has vacated such sentences when defendant has failed to preserve the issue
 
 (e.g., People v Costa,
 
 198 AD2d 513;
 
 People v Hearns,
 
 147 AD2d 499;
 
 People v Webb,
 
 135 AD2d 855).