THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD FADEN, Appellant. [767 NYS2d 92]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered May 22, 2002, convicting defendant, upon his plea of guilty, of burglary in the second degree, reckless endangerment in the first degree (two counts) and criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 14 years on the burglary conviction and $3^{1}/_{2}$ to 7 years on each of the remaining convictions, unanimously modified, as a matter of discretion in the interest of justice, to vacate defendant's adjudication as a second felony offender, and to reduce the sentence on each of the reckless endangerment and stolen property convictions to $2^{1}/_{3}$ to 7 years, and otherwise affirmed.

Defendant was not entitled to the assignment of new counsel in connection with his motion to withdraw his guilty plea. There was no conflict of interest adversely affecting counsel's representation of defendant (*see Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). Counsel did not create a conflict by defending his

performance, since the court's familiarity with the proceedings, including the thorough plea allocution, permitted it to make an informed determination, without having to rely on defense counsel's statements, that defendant's claims of coercion and ineffective assistance were meritless (*see e.g. People v Vasquez*, 287 AD2d 334 [2001], *lv denied* 97 NY2d 709 [2002]; *People v Rodriguez*, 270 AD2d 110 [2000], *lv denied* 95 NY2d 803 [2000]).

Defendant's application to withdraw his guilty plea was properly denied after a proper inquiry in which defendant was afforded a sufficient opportunity to be heard. The record establishes that defendant's plea was knowing, intelligent and voluntary. Defendant's valid waiver of his right to appeal forecloses review of his excessive sentence claim as to the 14-year term imposed for the burglary conviction (*People v Seaberg*, 74 NY2d 1, 9-10 [1989]). Even if we were to find the waiver invalid, we would find no basis for reduction of the sentence.

Finally, although defendant failed to preserve his argument that his adjudication as a second felony offender is based on a prior Florida conviction that is not the equivalent of a New York felony (*see People v Samms*, 95 NY2d 52, 57 [2000]), we reach the issue in the interest of justice, and modify to vacate the adjudication and to reduce the sentence, as indicated. The Florida felony of theft, of which defendant was convicted, includes temporary as well as permanent deprivations or appropriations of property (*see* Fla Stat Ann § 812.014 [1]). By contrast, the New York felony of grand larceny (Penal Law §§ 155.30—155.42) is restricted to substantially permanent deprivations or appropriations of property (*see* Penal Law § 155.00 [3], [4]; § 155.05 [1]). We note that the sentence on the burglary conviction was not affected by the second felony offender adjudication, and we therefore do not disturb it. Concur—Saxe, J.P., Rosenberger, Williams, Lerner and Friedman, JJ.