■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ASSADOURIAN, Appellant. [796 NYS2d 913]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered December 17, 2001, convicting defendant-appellant, after a jury trial, of assault in the first degree (three counts) and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 15 years on the assault convictions and seven years on the weapon possession conviction, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the sentence and remanding the matter to Supreme Court for resentencing, and otherwise affirmed.

Defendant concedes that he failed to preserve for appellate review his claim of legal insufficiency, and we decline to reach it in the interest of justice.

The People concede that defendant's prior, out-of-state conviction could not properly be relied upon as a predicate for his sentencing as a second felony offender. Notwithstanding defendant's failure to preserve the issue (*see People v Samms*, 95 NY2d 52, 57 [2000]), the case presents a proper basis for exercising our interest-of-justice jurisdiction (*see People v Marrero*, 2 AD3d 107 [2003], *affd* 3 NY3d 762 [2004]; *People v Candelario*, 183 AD2d 440 [1992], *lv denied* 80 NY2d 894 [1992]). While there is no need to remand for resentencing in such circumstances if the sentencing court clearly indicated an intent to sentence the defendant to the minimum (*see People v Lawrence*, 130 AD2d 383 [1987]) or the maximum permissible sentence (*see People v Ortega*, 245 AD2d 213 [1997], *lv denied* 91 NY2d 1011 [1998]), here we are unable to definitively state that the court would have imposed the same sentence had it been aware of the correct possible range of sentences.

We have considered the arguments raised in appellant's pro se supplemental brief and find them without merit. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.