■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK G. WILLIAMS, Appellant. [856 NYS2d 356]—

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of three counts of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant contends for the first time on appeal that he was improperly sentenced as a second felony offender inasmuch as the predicate conviction, the New Jersey crime of burglary in the third degree, is not the equivalent of a New York felony. We agree (*see People v Muniz*, 74 NY2d 464 [1989]). Even assuming, arguendo, that defendant was required to preserve his contention for our review (*see People v Samms*, 95 NY2d 52, 57-58 [2000]), we conclude that this case "presents a proper basis for exercising our interest-of-justice jurisdiction" (*People v Assadourian*, 19 AD3d 207, 208 [2005], *lv denied* 5 NY3d 785 [2005]; *see People v Marrero*, 2 AD3d 107 [2003], *affd* 3 NY3d 762 [2004]). We therefore modify the judgment by vacating the sentence. Inasmuch as defendant's sentence was imposed pursuant to a plea agreement, we remit the matter to County Court to resentence defendant or to "entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety" (*People v Irwin*, 166 AD2d 924, 925 [1990], citing *People v Farrar*, 52 NY2d 302, 307-308 [1981]). Further, should the People be so disposed, they may withdraw their consent to the waiver of indictment (*see* CPL 195.10 [1] [c]; *People v Terry*, 152 AD2d 822, 823 [1989]). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.