(February 3, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MARINO, Appellant. [917 NYS2d 142]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered June 7, 2005, convicting defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to the

extent of vacating the second felony offender adjudication and remanding for resentencing in accordance with the decision herein, and otherwise affirmed.

Defendant claims his plea was involuntary, and the product of ineffective assistance of counsel, in that at the time of the plea he believed his federal conviction was the equivalent of a New York felony and that he had to be sentenced as a predicate felon under Penal Law § 70.06 (1) (b). He asserts that this misinformation affected plea negotiations and his decision to plead guilty. He requests vacatur of the plea.

The record establishes that the plea was voluntary, and that defendant did not preserve the issue of his predicate status at sentencing (*People v Kelly*, 65 AD3d 886 [2009], *lv denied* 13 NY3d 860 [2009]; *People v Samms*, 95 NY2d 52, 57 [2000]).

However, the People do not dispute that defendant's federal conviction on May 17, 2002 for mail fraud (violation of 18 USC § 1341), which served as the predicate in this matter, has no felony equivalent in state law. Thus, it cannot be the basis for adjudicating defendant a second felony offender (*see Matter of Hochberg*, 259 AD2d 94, 96 [1999] [holding that "the New York State Penal Law contains no felony . . . equivalent to the federal felon(y) of . . . mail fraud"]). Because defendant's predicate sentence was based on a mistake of law, we find that this case presents a proper basis for exercising our interest of justice jurisdiction and remanding for resentencing, but we find no basis to vacate the plea (*see People v Marrero*, 2 AD3d 107 [2003], *affd* 3 NY3d 762 [2004]; *People v Assadourian*, 19 AD3d 207 [2005], *lv denied* 5 NY3d 785 [2005]; *People v Wallace*, 188 AD2d 499 [1992]; *People v Candelario*, 183 AD2d 440 [1992], *appeal denied* 80 NY2d 894 [1992]). Of course, on remand, the People may allege a different prior felony conviction, if there is one, as the basis for predicate felony adjudication. Concur—Tom, J.P., Sweeny, Freedman, Richter and Abdus-Salaam, JJ.