*900 Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 30, 2010, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the second felony offender adjudication and remanding for resentencing in accordance with the decision herein, and otherwise affirmed.
Defendant’s challenge to his second felony offender adjudication, made on the ground of lack of equivalency between his out-of-state predicate conviction and a New York felony, requires preservation (see People v Samms, 95 NY2d 52, 57 [2000]; People v Smith, 73 NY2d 961 [1989]), and we reject defendant’s arguments to the contrary.
The People do not dispute that defendant’s Florida burglary conviction, which served as the predicate in this matter, cannot serve as the basis for adjudicating defendant a second felony offender (see People v Fermin, 231 AD2d 436, 436-437 [1st Dept 1996]). Because defendant’s predicate sentence was based on a mistake of law, we exercise our interest of justice jurisdiction to the extent of remanding for resentencing (see People v Marino, 81 AD3d 426, 427 [1st Dept 2011], lv denied 16 NY3d 897 [2011]). On remand, the People may allege a different prior felony conviction, if there is one, as the basis for predicate felony adjudication (id.). Concur — Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.