■ The People of the State of New York, Respondent, v Karim McLaughlin, Appellant. [961 NYS2d 460]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered May 26, 2009, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 16 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the second felony offender adjudication and remanding for resentencing, and otherwise affirmed.

To the extent that defendant's mistrial motion addressed a portion of the prosecutor's summation that the court had stricken, the court properly exercised its discretion in denying the motion. The remark was not so egregious as to deprive defendant of a fair trial, and the court's curative action was sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]).

Defendant's remaining claims of prosecutorial misconduct in cross-examination and summation are unpreserved (*see People v Romero*, 7 NY3d 911, 912 [2006]) and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). To the extent there were any improprieties, they were harmless. Defendant, who conceded the element of identity, raised an implausible defense, and there is no reasonable likelihood that the alleged errors contributed to the jury's rejection of that defense.

The absence of additional timely and specific objections did not deprive defendant of the effective assistance of counsel (*compare People v Cass*, 18 NY3d 553, 564 [2012], *with People v Fisher*, 18 NY3d 964 [2012]). Regardless of whether trial counsel should have made these objections, we find that defendant has not established that he was prejudiced under either state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The People do not dispute that defendant's Pennsylvania robbery conviction fails to qualify as the equivalent of a New York felony conviction. We exercise our interest of justice jurisdiction to reach this unpreserved issue (*see e.g. People v Marino*, 81 AD3d 426 [1st Dept 2011], *lv denied* 16 NY3d 897 [2011]). Concur—Tom, J.P., Acosta, Saxe, Freedman and Feinman, JJ.