Judgment, Supreme Court, New York County (Edward J. McLaughlin, J), rendered May 3, 2011, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of seven years, unanimously modified, on the law, to the extent of vacating the predicate violent felony offender adjudication and remanding for resentencing in accordance with this decision, and otherwise affirmed.
*434 Defendant’s adjudication as a second felony drug offender whose prior felony conviction was a violent felony was improper. The People do not dispute that the conviction relied upon in their predicate felony statement, second-degree murder, is not classified as a violent felony offense under the sections of the Penal Law applicable to this type of adjudication (Penal Law §§ 70.02 [1]; 70.70 [1] [c]; compare 70.04 [1] [b] [i] [murder is a predicate violent felony in a nondrug second violent felony offender situation]). We decline to effectively rewrite the statute. We have considered and rejected the People’s remaining arguments for affirmance, including their preservation claim (see People v Samms, 95 NY2d 52, 56-58 [2000]).
On remand, the People may allege a different prior felony or violent felony conviction as the basis for predicate felony adjudication (see People v Marino, 81 AD3d 426, 427 [1st Dept 2011], lv denied 16 NY3d 897 [2011]). Concur—Mazzarelli, J.E, Andrias, Saxe, Manzanet-Daniels and Gische, JJ.