*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                    105539
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,
        v                                    MEMORANDUM AND ORDER

GARY J. PARKER,
                         Appellant.
_____

Calendar Date:   September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

_____

        Cheryl L. Sovern, Clifton Park, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Brandon
P. Rathbun of counsel), for respondent.

_____

Stein, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered October 5, 2012, convicting
defendant upon his plea of guilty of the crime of burglary in the
third degree.

        In satisfaction of a five-count indictment, defendant
pleaded guilty to one count of burglary in the third degree and
waived his right to appeal.  Pursuant to the plea agreement,
defendant was promised a sentence of 2 to 6 years in prison, with
a recommendation of shock incarceration.  However, prior to
sentencing, County Court notified defendant that it could not
impose the promised sentence because the presentence
investigation report revealed that defendant had a felony
conviction in Florida that qualified him as a second felony

offender.  The court advised defendant that it would sentence him to a prison term of 3 to 6 years or, alternatively, would allow defendant to withdraw his plea.  Defendant declined to withdraw his plea and was sentenced, as a second felony offender, to a prison term of 3 to 6 years.  Defendant now appeals, contending that County Court erred in determining him to be a second felony offender because the Florida felony was not the equivalent of a New York felony.

We initially note that defendant's challenge to his status as a second felony offender is not precluded by his appeal waiver (see People v Abrams, 75 AD3d 927, 928 [2010], lv denied 15 NY3d 918 [2010]; People v Greathouse, 62 AD3d 1212, 1213 [2009], lv denied 13 NY3d 744 [2009]).  On the other hand, we agree with the People's assertion that he failed to preserve this claim by objecting or otherwise challenging the Florida conviction at sentencing (see People v Samms, 95 NY2d 52, 57 [2000]; People v Smith, 73 NY2d 961, 962-963 [1989]).  Nonetheless, we deem this to be an appropriate instance in which to take corrective action in the interest of justice.

In determining whether a defendant is a second felony offender, a court must ascertain if the defendant has been convicted in another jurisdiction of "an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state irrespective of whether such sentence was imposed" (Penal Law § 70.06 [1] [b] [i]).  This inquiry requires a determination as to "whether the foreign conviction has an equivalent among New York's felony-level crimes" (People v Muniz, 74 NY2d 464, 467 [1989]; see People v Olah, 300 NY 96, 98 [1949]).  Generally, such "inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes," without regard to the charging instruments (People v Muniz, 74 NY2d at 467-468; see People v Gonzalez, 61 NY2d 586 [1984]).[1]  Thus, "technical distinctions between the New

_____

[1]  "[H]owever, where the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would

York and foreign penal statutes can preclude use of a prior felony as a predicate for enhanced sentencing, even though the actual criminal conduct leading to the foreign conviction would have fallen within the ambit of the New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 751 [2007]).

Here, the information contained with the second felony offender notice indicates that, in 2001, defendant was convicted in Florida of a felony "theft" in the third degree (see Fla Stat Ann § 812.014). Under the applicable Florida penal statute, it is a crime to "knowingly obtain[] or use[], or endeavor[] to obtain or to use, the property of another with intent to, either temporarily or permanently . . . [d]eprive the other person of a right to the property or a benefit from the property . . . [or a]ppropriate the property to his or her own use or to the use of any person not entitled to the use of the property" (Fla Stat Ann § 812.014 [1] [a], [b] [emphasis added]). In comparison, New York's larceny statutes do not contain analogous language with regard to mere temporary deprivations or appropriations (see Penal Law §§ 155.00 [3], [4]; 155.05 [1]; People v Faden, 1 AD3d 200, 201 [2003], lv denied 2 NY3d 762 [2004]). Thus, the Florida crime undoubtedly contains an element that is not included in New York's larceny offenses and, as a result, the Florida conviction is not sufficiently analogous to a New York felony to serve as a predicate felony for purposes of Penal Law § 70.06 (see People v Faden, 1 AD3d at 201). Accordingly, we vacate defendant's sentence and remit to County Court for resentencing.

Peters, P.J., Lahtinen, Garry and Devine, JJ., concur.

---

constitute only misdemeanors if committed in New York" (People v Muniz, 74 NY2d at 468), a court may resort to consideration of the foreign accusatory instrument to "resolve whether the foreign crime was, in fact, the equivalent of a New York felony" (id. at 469; see People ex rel. Gold v Jackson, 5 NY2d 243, 246 [1959]).

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Washington County for resentencing; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court