# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**253**

**KA 13-01572**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

REYMUNDO NIEVES-ROJAS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 20, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and burglary in the third degree (§ 140.20) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the second degree (§§ 110.00, 140.25 [2]).

Defendant's contention in each appeal that he was denied effective assistance of counsel is foreclosed by his plea of guilty because he failed to allege that the plea bargaining process " 'was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of his attorney's allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912; *see People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773).

We agree with defendant, however, that he was improperly sentenced as a second violent felony offender in each appeal inasmuch as the predicate conviction, i.e., the New Jersey crime of burglary in the third degree, is not the equivalent of a New York felony (*see People v Muniz*, 74 NY2d 464, 467; *People v Williams*, 49 AD3d 1183, 1184). Defendant raises this contention for the first time on appeal

but, even assuming, arguendo, that he was required to preserve it for our review (*see People v Samms*, 95 NY2d 52, 57-58), we conclude that this case "presents a proper basis for exercising our interest-of-justice jurisdiction" (*People v Assadourian*, 19 AD3d 207, 208, *lv denied* 5 NY3d 785; *see People v Marrero*, 2 AD3d 107, 107, *affd* 3 NY3d 762).  We therefore modify the judgment in each appeal by vacating the sentence and remit the matter to Supreme Court to resentence defendant (*see Williams*, 49 AD3d at 1184).

The remaining contention in each appeal regarding the severity of the sentence is moot (*see People v Clayton*, 38 AD3d 1131, 1131-1132, *lv denied* 9 NY3d 841).

Entered:  March 20, 2015                         Frances E. Cafarell
                                                 Clerk of the Court