Devine, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 22, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of various charges against him, defendant pleaded guilty to an indictment charging him with criminal sale of a controlled substance in the third degree (two counts) and waived his right to appeal. The plea agreement contemplated that defendant would enter into the Judicial Diversion Program and that, if he failed to complete the program, he could face up to 24 years in prison. Defendant was subsequently charged with violating the terms of the program and was terminated from it after waiving his right to a hearing and admitting that he had violated those terms in numerous respects. Defendant did so upon the understanding that he would admit to being a second felony offender upon the basis of *1354 a prior burglary conviction in New Hampshire and that he would thereafter be sentenced to an aggregate prison term of seven years to be followed by postrelease supervision of three years. County Court imposed the agreed-upon sentence, and defendant now appeals.
We affirm. As an initial matter, the plea colloquy and written waiver of the right to appeal executed by defendant in open court establishes that he knowingly, intelligently and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Beblowski, 131 AD3d 1303, 1304 [2015]). Defendant’s contention that he was improperly adjudicated as a second felony offender because his conviction for burglary in New Hampshire was not the equivalent of a felony in New York (see Penal Law § 70.06 [1] [b] [i]) survives his appeal waiver because it implicates the legality of the sentence (see People v Martinez, 130 AD3d 1087, 1088 [2015], lv denied 26 NY3d 1010 [2015]; People v Parker, 121 AD3d 1190, 1190 [2014]). Nevertheless, such an argument must be preserved at the trial level, where the “production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions,” may occur (People v Samms, 95 NY2d 52, 57 [2000]; see People v Jurgins, _ NY3d _, _, 2015 NY Slip Op 09311, *3 [2015]; People v Smith, 73 NY2d 961, 962-963 [1989]; cf. People v Santiago, 22 NY3d 900, 903-904 [2013]). Defendant failed to dispute the predicate felony statement in any manner and, indeed, admitted before County Court that the New Hampshire conviction arose from facts that would have constituted the offense of burglary in the second degree in New York. His argument is therefore unpreserved for our review and, given that he was sentenced as agreed when he admitted to violating the terms of the Judicial Diversion Program, we decline his invitation to take action in the interest of justice (see People v Smith, 73 NY2d at 962-963; People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]; cf. People v Parker, 121 AD3d at 1190-1191).
Defendant further argues that County Court improperly deferred to the decision of the treatment team to terminate him from the Judicial Diversion Program. To the extent that this issue survives his appeal waiver, our review of the record confirms that “the treatment team played an advisory role and it was the court that finally determined ... to terminate defendant from the program” (People v Dawley, 96 AD3d 1108, 1109 [2012], lv denied 19 NY3d 1025 [2012]; see CPL 216.05 [9] *1355 [c]). The remaining arguments advanced by defendant, including that he received the ineffective assistance of counsel, have been examined and rejected.
Lahtinen, J.P., and Egan Jr., J., concur.