Lynch, J.
(dissenting). I respectfully dissent. The majority correctly notes that defendant’s appeal waiver does not preclude his challenge to the legality of the sentence and that he failed to preserve his claim that County Court erred in sentencing him as a second felony offender. That said, I believe it appropriate here to take corrective action in the interest of justice (see People v Parker, 121 AD3d 1190, 1190 [2014]; see also People v Samms, 95 NY2d 52, 57-58 [2000]). The burglary statute in New Hampshire, under which defendant was convicted, indisputably excludes the element of “knowingly” entering or remaining in a building (see NH Rev Stat § 635:1 [I], [II]; State v McMillan, 158 NH 753, 760, 973 A2d 287, 293 [2009]), and, thus, is not the equivalent of, or analogous to, the felony burglary statutes in this state (see Penal Law §§ 140.20, 140.25 [2]). As such, defendant’s felony burglary conviction in New Hampshire does not constitute a prior felony for purposes of sentencing in New York (see Penal Law § 70.06 [1] [b]; People v Muniz, 74 NY2d 464, 467-468 [1989]). This holds true notwithstanding the fact that defendant admitted that the facts underlying his New Hampshire conviction would have constituted a burglary in New York (see Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 751 [2007]; People v Parker, 121 AD3d at 1191). Since a direct comparison of the relevant New Hampshire and New York statutory provisions confirms that defendant’s sentence was unauthorized, I would vacate the sentence and remit to County Court for re-sentencing.
Ordered that the judgment is affirmed.