The People of the State of New York, Respondent, 
against
Luis Minchala, Appellant.



Appeal by defendant, as limited by the brief, from so much of a sentence of the Criminal Court of the City of New York, Queens County (Gene R. Lopez, J.), imposed January 21, 2014, as, upon his conviction of aggravated driving while intoxicated per se, upon his plea of guilty, imposed, as a condition of a one-year conditional discharge, that an ignition interlock be installed on any vehicle driven by defendant for three years.




ORDERED that the sentence, insofar as appealed from, is modified, on the law, by reducing the term of the condition that an ignition interlock be installed on any vehicle driven by defendant from three years to one year; as so modified, the sentence, insofar as appealed from, is affirmed.
According to the accusatory instrument, at approximately 10:13 p.m. on January 31, 2013, in front of 33-40 99th Street in Queens, a New York City police officer observed defendant, Luis Minchala, sitting in the driver's seat of a 2000 Ford Explorer. The car was double parked, and defendant was asleep at the wheel while the ignition was turned on and the engine was running. There were four open beer cans in the vehicle. Defendant had the odor of alcohol on his breath, bloodshot and watery eyes, and slurred speech. He was unable to produce a valid driver's license. He was given a breath test at the 112th Precinct, during which his blood alcohol content was measured at .283.
On December 9, 2013, defendant pleaded guilty before Judge Ernest F. Hart to a single charge of aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]). The court indicated that defendant would be sentenced to, among other things, a conditional discharge, and "a three-year ignition interlock on any vehicle you drive, whether you own it or not." On January 21, 2014, Judge Gene R. Lopez imposed the agreed-upon sentence.
The parties agree that the period for which the ignition interlock was required was illegal, and that it cannot exceed the period of a conditional discharge for misdemeanors, which is one year (see Penal Law § 60.05 [3] [b]; Vehicle and Traffic Law § 1198 [2]; People v Beyrau, 115 AD3d 1240 [2014]; People v Vidaurrazaga, 100 AD3d 664, 666 [2012]).
We note that an interlock ignition requirement is an element of a defendant's sentence for a conviction of driving while intoxicated and related offenses (see Vehicle and Traffic Law §§ 1192 [2-a] [a]; 1198 [2]; People v Uribe, 109 AD3d 844 [2013]), and that preservation is not required for a defendant to raise an illegal sentence claim on appeal, as an appellate court cannot allow an illegal sentence to stand (see People v Samms, 95 NY2d 52, 56-58 [2000]; People v [*2]Singh, 109 AD3d 1010, 1013 [2013]).
In the interest of judicial economy (see People v Gibson, 137 AD3d 1657 [2016]), we exercise our inherent authority to correct an illegal sentence and modify the sentence, insofar as appealed from, by reducing the term of the condition that an ignition interlock be installed on any vehicle driven by defendant from three years to one year.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: July 26, 2016