People v Funk (2018 NY Slip Op 07558)





People v Funk


2018 NY Slip Op 07558


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, AND TROUTMAN, JJ.


950 KA 16-01757

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALLEN D. FUNK, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, DAVISON LAW OFFICE PLLC (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 20, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, resisting arrest, reckless endangerment in the second degree, reckless driving and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law
§ 120.05 [3]). The case arose from an incident in which the police attempted to arrest defendant pursuant to an arrest warrant issued by the State of Pennsylvania for absconding from parole supervision. When the police approached and identified themselves, defendant led them in a foot pursuit that circled an apartment building until defendant got in his pickup truck. One of the officers who had been in pursuit arrived at defendant's vehicle, ordered him to exit and slammed his radio against the window intending to break the glass and stop defendant's escape. With the officer still holding onto the vehicle's door handle, defendant accelerated quickly and drove away, sending the officer into the air and then onto the ground.
We reject defendant's contention that his conviction of assault in the second degree is not supported by legally sufficient evidence that the officer sustained physical injury, which is defined as "impairment of physical condition or substantial pain" (Penal Law
§ 10.00 [9]). " [S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). Here, witnesses of the incident testified that the officer was thrown airborne and dragged by the vehicle, and one witness testified that she was surprised that the officer was able to get up after the incident. The officer described that the pain was "tremendous," "significant," and "severe." The medical records that were admitted in evidence established that the officer went to urgent care the day after the incident and was evaluated for multiple contusions and soft tissue hematoma to the right hip and right knee, acute neck pain associated with cervical sprain, acute cervical strain, acute traumatic thoracic and lumbar back pain, sprain of the left hamstring and possible hamstring tear, multiple superficial abrasions, and sprain of the right lateral collateral ligament. At that time, he described his pain as a 5 out of 10, but 8 out of 10 with movement and activity. He was prescribed ibuprofen 600 mg tablets, and was instructed to remain out of work for five days and to avoid strenuous activity. Six days later at a follow-up appointment, the officer noted improvement, but still expressed problems and pain in his right knee, left hamstring, right hip, and neck/upper back. At the follow-up appointment, the officer reported that his pain and stiffness initially got worse after the urgent care visit and gradually there had been improvement. Although there had been improvement and some negative test results, the officer's range of [*2]motion was found to be limited in his back and the physician concluded that he was not yet ready to return to work full duty. Instead, the physician noted that the officer should be able to return to work the following week. We conclude that the evidence is sufficient to establish that the officer sustained physical injury (see People v Talbott, 158 AD3d 1053, 1054 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]). Viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence on the issue of physical injury (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, defense counsel's failure to object to the alleged instance of prosecutorial misconduct during summation did not constitute ineffective assistance of counsel inasmuch as the prosecutor's summation was within "the broad bounds of rhetorical comment permissible" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]; see People v Jones, 155 AD3d 1547, 1548-1549 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017]), and "any improper comments made by the prosecutor on summation were isolated and not so egregious that defendant was deprived of a fair trial" (People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]). We similarly reject defendant's contention that defense counsel was ineffective for failing to request that the court charge the jury with the lesser included offense of obstructing governmental administration in the second degree inasmuch as "there is no reasonable view of the evidence to support a finding that defendant committed obstructing governmental administration in the second degree but not assault in the second degree" (People v Acevedo, 118 AD3d 1103, 1107 [3d Dept 2014], lv denied 26 NY3d 925 [2015]; see generally People v Calderon, 66 AD3d 314, 320 [1st Dept 2009], lv denied 13 NY3d 858 [2009]).
We agree with defendant, however, that he was improperly sentenced as a second felony offender inasmuch as the predicate conviction, i.e., the Pennsylvania crime of burglary (18 Pa Cons Stat § 3502), is not the equivalent of a New York felony. Although defendant failed to preserve that contention for our review (see People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017]), we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Upon our review of Pennsylvania statutory and case law, "there is no element in the Pennsylvania statute comparable to the element in the analogous New York statute that an intruder knowingly' enter or remain unlawfully in the premises . . . [and t]he absence of this scienter requirement from the Pennsylvania burglary statute renders improper the use of the Pennsylvania burglary conviction as the basis of the defendant's predicate felony adjudication" (People v Flores, 143 AD3d 840, 840 [2d Dept 2016]; see generally People v Helms, 30 NY3d 259, 263-264 [2017]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to resentence defendant (see People v Nieves-Rojas, 126 AD3d 1373, 1373-1374 [4th Dept 2015]). In light of our determination, defendant's remaining contention regarding the severity of the sentence is moot (see id. at 1374).
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court