Matter of Lopez v Wessin (2020 NY Slip Op 00137)





Matter of Lopez v Wessin


2020 NY Slip Op 00137


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-02836
 (Docket No. F-11135-12/18F)

[*1]In the Matter of Thelma Lopez, respondent,
v
Addo Wessin, appellant.


Ian B. Tarasuk, Jamaica, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated February 26, 2019. The order directed that the father be placed on probation for a period of five years.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the sentence of probation is vacated.
The mother, the custodial parent of the parties' child, commenced this proceeding alleging that the father was in willful violation of an order of child support dated October 31, 2013. Following a hearing, the Support Magistrate issued an order of disposition finding that the father's failure to pay child support was willful. Thereafter, the Family Court issued three orders dated February 26, 2019: (1) an order confirming the Support Magistrate's order of disposition and finding that the father's failure to pay child support was willful; (2) an order committing the father to a term of incarceration of 90 days unless he paid a purge amount; and (3) an order directing that the father be placed on probation for a period of five years (hereinafter the order of probation). The father appeals from the order of probation.
Although the father failed to preserve his challenge to the legality of his sentence, a challenge to an unlawful sentence is not subject to the preservation rule (see People v Samms, 95 NY2d 52, 56). Family Court Act § 454 expressly delineates the authority of the Family Court to impose either probation or a term of incarceration upon a finding of a willful violation of an order of support, not both (see Matter of Powers v Powers, 86 NY2d 63, 70-71; Family Court Act § 454[3]). Thus, the Family Court was without authority to impose both a jail term and probation (see Family Court Act § 454[3]; Matter of Heffner v Jaskowiak, 132 AD3d 1418, 1418). Since the father completed his 90-day term of incarceration, that portion of his sentence imposing probation must be vacated (see Matter of Heffner v Jaskowiak, 132 AD3d at 1418).
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court