People v Lynch (2020 NY Slip Op 01187)





People v Lynch


2020 NY Slip Op 01187


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-10427
 (Ind. No. 3274/15)

[*1]The People of the State of New York, respondent,
v
Keron Lynch, appellant.


Janet E. Sabel, New York, NY (Lorca Morello of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Caroline R. Donhauser, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered July 11, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The evidence at trial established that, on April 15, 2015, the defendant shot and killed Daniel Weir in the lobby of an apartment building in Brooklyn and, on April 26, 2015, the defendant was involved in a shootout using the same gun that was used in the murder. After a jury trial, the defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree (two counts). The defendant appeals, and we affirm.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court