People v Lynch (2022 NY Slip Op 06141)

People v Lynch

2022 NY Slip Op 06141

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2017-13011
 (Ind. No. 3253/15)

[*1]The People of the State of New York, respondent,
v
Keron Lynch, appellant.

Patricia Pazner, New York, NY (Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Kenneth Cooper on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered on November 9, 2017, convicting him of gang assault in the first degree, upon his plea of guilty, and sentencing him, as a second violent felony offender, to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender; as so modified, the judgment is affirmed.
As the People properly concede, the defendant's contention that he was illegally sentenced as a second violent felony offender is not subject to the preservation rule (see People v Samms, 95 NY2d 52, 56). Here, the defendant was illegally sentenced as a second violent felony offender since he committed the instant offense before he was sentenced on the prior violent felony conviction (see People v Joseph, 167 AD3d 776, 776; People v Webb, 135 AD2d 855, 855). Thus, the prior violent felony conviction cannot serve as a predicate violent felony offense for sentencing purposes (see Penal Law § 70.04[1][b][ii]).
The defendant is only seeking vacatur of the second violent felony offender adjudication since the sentence imposed herein of a determinate term of imprisonment of 15 years is within the permissible range for sentencing for a Class B violent felony offense (see Penal Law § 70.02 [3][a]), and he would not benefit from a lower sentence as the sentence imposed for the instant offense runs concurrently with a sentence imposed of an indeterminate term of imprisonment of 40 years to life under a separate indictment (see People v Lynch, 180 AD3d 933). Thus, remittal for resentencing is not warranted (see generally People v Young, 168 AD3d 771, 771; People v Joseph, 167 AD3d at 776).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court