■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FLIPPING, Appellant. [646 NYS2d 512] —Judgment, Supreme Court, Bronx County (Joseph J. Cohen, J.), rendered June 24, 1994, convicting defendant, upon a plea of guilty, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1 1/2 to 3 years, unanimously affirmed.

Defendant challenges his adjudication as a predicate felony offender on the basis of a Pennsylvania conviction for an offense which, he contends, has a less stringent mens rea require-

ment, and thus is broader than its New York counterpart and cannot serve as a predicate felony for enhanced punishment. Specifically, defendant contends that while the New York counterpart provisions having to do with a sale of narcotics, Penal Law §§ 220.39 and 220.31 require that a defendant "knowingly and unlawfully" sell a controlled substance, according to a Pennsylvania rule of construction, a mental state of recklessness is sufficient to violate its unauthorized delivery of a controlled substance statute (35 Pa Cons Stat § 780-113 [a] [30]). Defendant never raised this issue before the sentencing court, confining his non-constitutional argument to the claim that "the definition of deliver is different from the definition of sell", a claim that the sentencing court properly rejected. Since defendant failed to challenge the propriety of his prior felony adjudication on the specific ground now asserted his claim is unpreserved for appellate review (*see, People v Polowczyk*, 157 AD2d 865, *lv denied* 75 NY2d 922), and we decline to reach it in the interest of justice. It should be noted that defendant is on parole from his sentence and his maximum term, whether he be considered a first or second felony offender, would remain the same. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Nardelli, JJ.