(June 30, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MULERO, Appellant. [675 NYS2d 46] —Judgment, Supreme Court, New York County (George Roberts, J.), rendered March 14, 1995, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's claim that he was improperly adjudicated a second felony offender on the basis of his conviction in Pennsylvania for possession of a controlled substance with intent to distribute (35 Pa Cons Stat § 780-113 [a] [30]), because the *mens rea* element of that statute is allegedly broader than its New York counterpart, is unpreserved for appellate review (*see, People v Flipping*, 230 AD2d 650, *lv denied* 89 NY2d 864), and we decline to review it in the interest of justice. Were we to review this contention, we would find that the Pennsylvania statute, like its New York counterpart (criminal possession of a controlled substance in the third degree or criminal possession of a controlled substance in the fifth degree [Penal Law § 220.16 (1); § 220.06 (1)]), requires "knowing" and not merely "reckless" possession of a controlled substance with intent to distribute (*People v Muniz*, 74 NY2d 464, 467-468; *Commonwealth v Rambo*, 488 Pa 334, 336, 412 A2d 535, 536; *Commonwealth v Valette*, 531 Pa 384, 389, 613 A2d 548, 550). Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.