■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WILLIAMS, Appellant. [775 NYS2d 864]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered August 29, 2001, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him, as a second felony offender, to a term of 6 years to life, unanimously affirmed. The court properly denied defendant's suppression motion. There is' no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

The court properly exercised its discretion in imposing reasonable limitations on defendant's direct and cross-examination of witnesses at the hearing (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The precluded inquiries were improper in form or irrelevant, and defendant received ample opportunity to develop relevant matters. Defendant's remaining complaints about the court's conduct do not warrant a new hearing (*see e.g. People v Robinson*, 3 AD3d 404 [2004]).

Defendant's claims regarding his adjudication as a predicate felon are unpreserved (*see People v Smith*, 73 NY2d 961 [1989]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the sentencing court substantially complied with the statutory procedures (*see* CPL 400.21; *People v Bouyea*, 64 NY2d 1140 [1985]), and that defendant was properly adjudicated a second felony offender based upon his New Jersey conviction (NJ Stat Ann § 2C:35-7), in that it was undisputed that the prior conviction involved cocaine and not marijuana (*see People v Bell*, 259 AD2d 429 [1999], *lv denied* 93 NY2d 922 [1999]). Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.