■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY WEST, Appellant. [871 NYS2d 120]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Michael J. Obus, J., at jury trial and sentence), rendered August 23, 2006, convicting defendant of robbery in the first and second degrees and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 15 years, and order, same court (Michael J. Obus, J.), entered on or about September 12, 2007, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

Defendant's contention that the police improperly searched a closed bag he was wearing at the time of his arrest is unpreserved and we decline to review it in the interest of justice. We reject defendant's argument that the court "expressly decided" the closed-container issue (CPL 470.05 [2]); on the contrary, it was never litigated or fully developed in testimony, and the

court never addressed it (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). As an alternative holding, we also reject defendant's claim on the merits because, to the extent the record permits review, it reveals that the search was proper as incident to a lawful arrest (*see People v Smith*, 59 NY2d 454 [1983]; *People v Wylie*, 244 AD2d 247 [1997], *lv denied* 91 NY2d 946 [1998]).

Defendant was properly adjudicated a second felony offender based upon his New Jersey conviction (NJ Stat Ann § 2C:35-7). We find that resort to the New Jersey accusatory instrument is appropriate, and that such instrument establishes that the New Jersey crime involved possession of heroin and not marijuana (*see People v Williams*, 7 AD3d 344, 345 [2004], *lv denied* 3 NY3d 663 [2004]; *People v Bell*, 259 AD2d 429 [1999], *lv denied* 93 NY2d 922 [1999]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.