[999 NE2d 507, 977 NYS2d 144]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SANTIAGO, JR., Appellant.

Argued September 10, 2013; decided October 15, 2013

### APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*Drew R. Du-Brin* of counsel), for appellant.

*Sandra Doorley, District Attorney*, Rochester (*Geoffrey Kaeuper* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified by vacating the second felony offender adjudication and remitting to County Court for resentencing and, as so modified, affirmed.

On May 23, 2008, defendant Carlos Santiago, Jr. was convicted by a jury of two counts of first-degree sexual abuse (Penal Law § 130.65 [1]) and one count of second-degree unlawful imprisonment (Penal Law § 135.05). At the sentencing hearing held on June 30, 2008, the People requested that defendant be sentenced as a second felony offender because of his felony conviction in Pennsylvania in January of 1993 for third-degree murder (*see* Penal Law § 70.06 [1] [b] [i]; 18 Pa Cons Stat Ann § 2502 [c]). Pennsylvania law defines third-degree murder as all kinds of murder other than murder in the first degree and murder in the second degree (*see* 18 Pa Cons Stat Ann § 2502 [c]); and defines first-degree and second-degree murder, in turn, as "an intentional killing," and a killing "committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony" (18 Pa Cons Stat Ann § 2502 [a], [b]).

Defense counsel objected first that there was no "nexus" between the Pennsylvania felony and the State of New York; second, that defendant was 15 at the time of the Pennsylvania conviction, and "[h]ad he been in New York, he would have been entitled, I believe, to a [youthful offender status], which, of course, he didn't get in Pennsylvania." The prosecutor responded simply that "a youthful offender adjudication [was] not mandatory, especially given the nature of the previous conviction." Observing that the legislature has directed that prior foreign felony convictions are to be considered as predicate felonies for enhanced sentencing, County Court adjudicated defendant a second felony offender. The judge sentenced him to two consecutive prison terms of seven years for the sexual abuse convictions, and one prison term of one year for the unlawful imprisonment conviction, to be followed by 15 years of post-release supervision.

On appeal, defendant argued that the Pennsylvania conviction could not serve as a predicate felony conviction because he was 15 years old when convicted, and, by virtue of Penal Law § 30.00, a 15 year old cannot be prosecuted for second-degree manslaughter or any other New York offense encompassed by

the Pennsylvania crime of third-degree murder.* The Appellate Division concluded that "[i]nasmuch as defendant failed to contend before the sentencing court that the Pennsylvania conviction would not constitute a conviction in New York based on his age at the time of the crimes, he failed to preserve his contention for [appellate] review," and declined to reach it in the interest of justice (96 AD3d 1495, 1497 [4th Dept 2012]). The Court did, however, modify the judgment as a matter of discretion and in the interest of justice by reversing one of defendant's two sexual abuse convictions and, as so modified, affirmed. A Judge of this Court subsequently granted defendant leave to appeal (19 NY3d 1105 [2012]).

As an initial matter, we conclude that this case falls within the narrow exception to our preservation rule permitting appellate review when a sentence's illegality is readily discernible from the trial record (*see People v Nieves*, 2 NY3d 310, 315-316 [2004]). In *People v Samms* (95 NY2d 52, 55-56 [2000]), we explicitly invoked this exception to review a challenge to an enhanced sentence. There, the defendant was sentenced for the felony serving as a predicate *after* he committed the crimes underlying the conviction for which he was sentenced as a second violent felony offender. As the statute plainly requires the opposite chronological sequence, the defendant's enhanced sentence was unauthorized. Neither the defendant, the People, nor the trial court had noticed the problem, although the relevant dates were in the record and undisputed. Importantly, we remarked that in such a circumstance, there was no need to resort to outside facts, documentation or foreign statutes, and thus the record was sufficient for the exception to apply. Likewise here, there was no question as to defendant's date of birth and the date of his conviction for the Pennsylvania crime, both of which appeared in the presentencing report reviewed by both parties and County Court. And at the sentencing hearing

---

* The parties agree that the statutory elements of Pennsylvania's crime of third-degree murder are equivalent to those of the New York felony offense of second-degree manslaughter (*see People v Gonzalez*, 61 NY2d 586, 589 [1984] [describing the method for determining whether a prior out-of-state conviction is a predicate felony conviction within the meaning of New York's sentencing statutes]). Accordingly, we assume this to be the case for purposes of this appeal, and express no opinion as to whether, in fact, the elements of Pennsylvania's crime of third-degree murder match those of the New York felony of second-degree manslaughter.

defense counsel called attention to the fact that defendant was 15 years old when he was convicted in Pennsylvania. Accordingly, defendant's claim fits within the exception to preservation described in *Nieves* and *Samms*.

Penal Law § 30.00 (1) specifies that a person must be at least 16 years old to be criminally responsible for his conduct. Penal Law § 30.00 (2) lists crimes that are exceptions to this age requirement, but second-degree manslaughter is not among them. So assuming as we must for purposes of this appeal that third-degree murder in Pennsylvania is equivalent to second-degree manslaughter in New York, defendant's Pennsylvania conviction was not a predicate felony conviction within the meaning of Penal Law § 70.06 (1) (b) (i) *because he could not even have been prosecuted for second-degree manslaughter in New York at the age of 15.*

The key feature, for purposes of sentence enhancement, is the infancy statute's categorical nature. For those offenses that do not appear in Penal Law § 30.00's list of exceptions, neither the trial court nor the People have discretion to prosecute an infant defendant; it is simply impermissible. This distinguishes infancy from affirmative defenses such as insanity, duress or self-defense in which the defendant must make a showing, as well as youthful offender status where the trial court must make a discretionary determination about a defendant's status at adjudication (*see* CPL 720.10 [3]). In short, a prior foreign prosecution of an infant defendant runs afoul of the sentencing enhancement statute's requirement that the prior conviction must be for "an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state" (Penal Law § 70.06 [1] [b] [i]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order modified by vacating the second felony offender adjudication and remitting to Monroe County Court for resentencing and, as so modified, affirmed, in a memorandum.