*484 Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 20, 2011, as amended May 24, 2011 and May 31, 2011, convicting defendant, upon his plea of guilty, of four counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of 5V2 years, unanimously affirmed.
Defendant did not preserve his claim of unreasonable delay in sentencing, and we decline to review it in the interest of justice. Because defendant never raised this issue before the sentencing court, the record is insufficiently developed to permit review of this fact-based claim (see People v Kinchen, 60 NY2d 772 [1983]). Furthermore, defendant has not provided the minutes of adjournments that are relevant to this issue (see People v Olivo, 52 NY2d 309, 320 [1981]).
Defendant did not preserve his claim that his Pennsylvania conviction was not the equivalent of a New York felony, and we decline to review it in the interest of justice. We reject defendant’s claim that his second felony drug offender adjudication was a sentencing error appearing on the face of the record, and thus exempt from preservation requirements (see generally People v Santiago, 22 NY3d 900, 903 [2013]). While it is undisputed that the Pennsylvania offense would not have qualified as the equivalent of a New York felony if the analysis were confined to a facial comparison of the statutes’ elements, the circumstances of the case would have required the court to examine the Pennsylvania accusatory instrument. This is because the foreign statute criminalizes discrete acts, namely possession of different drugs (see People v West, 58 AD3d 483, 484 [1st Dept 2009], lv denied 12 NY3d 822 [2009]; compare People v Muniz, 74 NY2d 464, 468-469 [1989]). Thus, if defendant’s Pennsylvania conviction involved heroin or cocaine rather than marijuana, it clearly would have been the equivalent of a conviction under Penal Law § 220.16 (1). As a result, the propriety of using the foreign conviction cannot “be determined from the face of the appellate record” (People v Samms, 95 NY2d 52, 57 [2000]).
Defendant’s ineffective assistance of counsel claim, relating to counsel’s failure to challenge defendant’s predicate felony, is unreviewable on direct appeal because it involves matters not reflected in the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing *485 record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
Concur— Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.