■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES NELSON, Appellant. [9 NYS3d 242]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered December 12, 2011, as amended December 15, 2011, convicting defendant, upon his plea of guilty, of identity theft in the second degree and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication and reducing the sentence to a term of one to three years, and otherwise affirmed.

Although defendant failed to preserve his claim that his New Jersey convictions do not qualify as predicate New York felonies, the case falls within the "narrow exception to the preservation rule permitting appellate review when a sentence's illegality is readily discernible from the . . . record"

(*People v Santiago*, 22 NY3d 900, 903 [2013]; *see also People v Samms*, 95 NY2d 52, 57 [2000]). The People do not dispute that defendant's New Jersey forgery conviction cannot serve as the basis for his second felony offender adjudication. As for defendant's New Jersey conspiracy conviction, it plainly fails to qualify as the equivalent of a New York felony, because in New York the crime underlying a felony conspiracy must be at least a class C felony (Penal Law § 105.10), whereas New Jersey merely requires proof of a conspiracy to commit any "crime" (NJ Stat Ann § 2C:5-2 [a]). The New Jersey statute thus includes conduct that could be either a felony or a misdemeanor in New York. Contrary to the People's contentions, this is readily discernible from the record, and does not require that this Court review the New Jersey accusatory instrument to discern whether the underlying crime was in fact a felony or misdemeanor. Such a review is permissible only when the foreign statute criminalizes specific, discrete acts, which is not the case here (*see People v Muniz*, 74 NY2d 464, 467-469 [1989]).

We find it appropriate to modify the sentence rather than remanding for further proceedings. Concur—Friedman, J.P., Saxe, Richter and Manzanet-Daniels, JJ.