■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE LYNCH, Appellant. [16 NYS3d 550]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 25, 2013, convicting defendant, after a jury trial, of grand larceny in the fourth degree, endangering the welfare of a child, and possession of burglar's tools, and sentencing her, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.

Defendant was not deprived of a fair trial by the prosecutor's summation comments on defendant's failure to make an exculpatory statement. The prosecutor did not make an

improper reference to a defendant's failure to speak or cooperate when confronted by law enforcement officials, which is recognized to be of little probative value and to raise risks of substantial prejudice (*see People v De George*, 73 NY2d 614, 618-619 [1989]). Rather, it was a reference to defendant's interactions with store employees who had accused her of shoplifting. In any event, the court provided a suitable remedy by cautioning the jury against shifting the burden of proof, and the court properly exercised its discretion in denying defendant's requests for a mistrial or a more elaborate curative instruction.

Defendant was properly adjudicated a second felony offender based on an out of state conviction that was the equivalent of a New York felony conviction. The court properly consulted the accusatory instrument, which establishes that the predicate crime involved the sale of cocaine and not marijuana (*see People v West*, 58 AD3d 483 [1st Dept 2009], *lv denied* 12 NY3d 822 [2009]; *People v Bell*, 259 AD2d 429 [1st Dept 1999], *lv denied* 93 NY2d 922 [1999]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.