■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. IVEY, Also Known as KENNETH KELLY, Appellant. [28 NYS3d 605]—

Judgment of Supreme Court, New York County (Daniel P. Conviser, J., at suppression hearing; Charles H. Solomon, J., at plea and sentencing), rendered May 8, 2012, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of five years, and order (same court, Charles H. Solomon, J.), entered on or about June 3, 2014, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

The hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The record supports all of the court's findings of fact and conclusions of law, including those relating to the plain view and inventory search doctrines.

Defendant was properly sentenced as a second felony offender based on a Pennsylvania drug conviction, and the court properly denied defendant's CPL 440.20 motion challenging that adjudication. The court properly examined the accusatory instrument because the Pennsylvania statute criminalizes several discrete acts, not all of which would constitute felonies in New York (*see generally People v Jurgins*, 26 NY3d 607, 613-614 [2015]). That document reveals that the Pennsylvania conviction involved cocaine and was the equivalent of a New York felony (*see People v Diaz*, 115 AD3d 483 [1st Dept 2014], *lv denied* 23 NY3d 1036 [2014]). Concur—Sweeny, J.P., Renwick, Saxe, Gische and Kahn, JJ.