■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER SANTIAGO, Appellant. [39 NYS3d 435]—

Judgment, Supreme Court, Bronx County (Robert Sackett, J.), rendered May 5, 2014, convicting defendant, after a jury trial, of burglary in the third degree, possession of burglar's tools and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The court properly declined to charge third-degree criminal trespass as a lesser included offense of third-degree burglary. Given the interpretation of Penal Law § 140.10 (a) set forth in *People v Moore* (5 NY3d 725, 727 [2005]), a violation of that section cannot qualify as a lesser included offense of third-degree burglary under the impossibility test of *People v Glover* (57 NY2d 61 [1982]). In any event, there is no reasonable view of the evidence that defendant entered the truck in question without larcenous intent. Furthermore, regardless of whether the court should have submitted the lesser offense, there is no reasonable possibility that such submission would have affected the verdict (*see People v Crimmins*, 36 NY2d 230 [1975]). In addition, we note that defendant did not ask for submission of trespass under Penal Law § 140.05, and that his arguments on that subject are unavailing. We also reject defendant's arguments concerning the scope of our review (*see People v Nicholson*, 26 NY3d 813 [2016]).

The admission of the printouts of the GPS location histories did not violate defendant's right of confrontation, because the documents were not testimonial (*see People v Pealer*, 20 NY3d 447, 453 [2013]). Assuming, without deciding, that the records were not admissible as business records, any error in this regard was harmless.

The court properly permitted the People to elicit a prior consistent statement, made before the onset of an alleged motive to falsify, since defendant had implied that aspects of the witness's testimony were recent fabrications intended to strengthen the People's case (*see e.g. People v Medina*, 9 AD3d 251 [1st Dept 2004], *lv denied* 3 NY3d 741 [2004]). In any event, this evidence carried little prejudice (*see People v Ludwig*, 24 NY3d 221 [2014]), and any error in admitting it was harmless.

Defendant was properly adjudicated a second felony offender based upon a New Jersey drug conviction. The court properly consulted the accusatory instrument (*see generally People v*

*Jurgins*, 26 NY3d 607, 613-614 [2015]), which establishes that the predicate crime involved the sale of cocaine and not marijuana (*see People v West*, 58 AD3d 483 [1st Dept 2009], *lv denied* 12 NY3d 822 [2009]). We perceive no basis for reducing the sentence or directing that it be served as a parole supervision sentence under CPL 410.91.

We have reviewed certain sealed materials and find that they do not warrant granting defendant any relief. We have considered and rejected defendant's remaining claims, including all remaining constitutional arguments. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.