People v Scott (2018 NY Slip Op 03638)





People v Scott


2018 NY Slip Op 03638


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Sweeny, J.P., Webber, Gesmer, Singh, Moulton, JJ.


6621 560/15

[*1]The People of the State of New York, Respondent,
v
Anthony Scott, Defendant-Appellant.


Cardozo Criminal Appeals Clinic, New York (Stanley Neustadter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered December 15, 2015, convicting defendant, after a jury trial, of burglary in the second degree, criminal possession of a weapon in the third degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence plainly established that defendant unlawfully entered a store with intent to commit a crime therein. Defendant entered the store in violation of a trespass notice, while carrying a tinfoil-lined bag designed to thwart the store's security system. He then secreted several expensive items in the bag, which were recovered by security personnel. Although defendant had approached a cash register and presented some inexpensive items for purchase, the evidence supports the conclusion that he never intended to pay for the items concealed in the bag, regardless of whether he was carrying sufficient funds to do so. The evidence also established that "while in the building or in immediate flight therefrom," defendant "[used] or threaten[ed] the immediate use of a dangerous instrument" (Penal Law 140.25[1][c]) when he grabbed a knife and pointed it at the security guard and pursuing police officers.
Moreover, there was no reasonable view of the evidence, viewed in a light most favorable to defendant, that he unlawfully entered the store without larcenous intent. Accordingly, the court properly declined, on that ground, to charge third-degree trespass as a lesser included offense. We note also that third-degree trespass does not qualify as a lesser included offense of
burglary (see People v Santiago, 143 AD3d 545, 546 [1st Dept 2016], lv denied 28 NY3d 1127 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK