People v Lopez (2018 NY Slip Op 06372)





People v Lopez


2018 NY Slip Op 06372


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


948 KA 15-01992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUFINO LOPEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 23, 2015. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [2]), defendant contends that he was improperly sentenced as a second felony offender inasmuch as the predicate conviction, i.e., burglary in the third degree in the State of Connecticut, is not equivalent to any New York felony. While that contention survives defendant's waiver of the right to appeal (see People v Murdie, 134 AD3d 1353, 1354 [3d Dept 2015]; People v Iliff, 96 AD3d 974, 975 [2d Dept 2012]), defendant failed to preserve it for our review (see People v Jurgins, 26 NY3d 607, 612 [2015]; People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017]). Although there is a "narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernible from the . . . record" (People v Santiago, 22 NY3d 900, 903 [2013]; see People v Sumter, 157 AD3d 1125, 1126 [3d Dept 2018]), this case does not fall within that narrow exception because resolution of the question whether the Connecticut conviction is the equivalent of a New York felony requires "resort to outside facts, documentation or foreign statutes" (People v Samms, 95 NY2d 52, 57 [2000]; see People v Diaz, 115 AD3d 483, 484 [1st Dept 2014], lv denied 23 NY3d 1036 [2014]). Inasmuch as "[a] CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (Jurgins, 26 NY3d at 612), we decline to exercise our power to review defendant's contention in the interest of justice.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court