People v Ocasio (2018 NY Slip Op 08245)





People v Ocasio


2018 NY Slip Op 08245


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7778 5251/12

[*1]The People of the State of New York, Respondent,
v
Angel Ocasio, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered November 13, 2014, convicting defendant, after a jury trial, of attempted burglary in the third degree and possession of burglar's tools, and sentencing him, as a second felony offender, to an aggregate term of two to four years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, there was no reasonable view of the evidence, viewed in a light most favorable to defendant, that he unlawfully attempted to enter a store without larcenous intent. Accordingly, the court properly declined, on that ground, to submit to the jury the lesser included offenses of criminal trespass in the second and third degrees and their attempts.
"[T]he intent necessary for burglary can be inferred from the circumstances of the entry itself" (People v Mackey, 49 NY2d 274, 280 [1980). Shortly after midnight, defendant attempted to pick the lock on the door of a store selling discounted merchandise, and tried to flee when the police arrived. When arrested, he was found to be in possession of a screwdriver, channel lock pliers, and two flashlights. He was also wearing gloves and a ski mask with only his eyes showing, in an obvious attempt to hide his identity.
Larcenous intent is the only plausible explanation for all of these preparations to break into a store. On appeal, defendant posits various theories of what he might have intended to do in the store, such as to "seek refuge," or even to "do nothing." None of defendant's theories has any support in the record or qualifies as a reasonable view of the evidence.
We note also that third-degree trespass does not qualify as a lesser included offense of burglary (see People v Santiago, 143 AD3d 545, 546 [1st Dept 2016], lv denied 28 NY3d 1127 [2016]), and the same would apply to the respective attempts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK