People v Bell-Bradley (2020 NY Slip Op 00782)





People v Bell-bradley


2020 NY Slip Op 00782


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1284 KA 17-01150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIEN BELL-BRADLEY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 11, 2017. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of grand larceny in the third degree (Penal Law
§ 155.35 [1]), defendant contends that he was improperly sentenced as a second felony offender because the predicate conviction, i.e., a federal conviction of bank robbery, is not equivalent to any New York felony. Although that contention survives defendant's waiver of the right to appeal (see People v Lopez, 164 AD3d 1625, 1625 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; People v Murdie, 134 AD3d 1353, 1354 [3d Dept 2015]), defendant failed to preserve it for our review (see People v Jurgins, 26 NY3d 607, 612 [2015]; People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017]). Furthermore, although there is a "narrow exception to [the] preservation rule permitting appellate review when a sentence's illegality is readily discernable from the . . . record" (People v Santiago, 22 NY3d 900, 903 [2013]), this case does not fall within that narrow exception because resolution of the question whether defendant's federal conviction is the equivalent of a New York felony requires us to "resort to outside facts, documentation or foreign statutes" (People v Samms, 95 NY2d 52, 57 [2000]; see People v Diaz, 115 AD3d 483, 484 [1st Dept 2014], lv denied 23 NY3d 1036 [2014]). Inasmuch as "[a] CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (Jurgins, 26 NY3d at 612), we decline to exercise our power to review defendant's unpreserved contention in the interest of justice.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court