People v Nobles (2020 NY Slip Op 02866)





People v Nobles


2020 NY Slip Op 02866


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


249/14 11502A 3732/14 11502

[*1] The People of the State of New York, Respondent,
v
Dominique Nobles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Waleska Suero Garcia of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered February 24, 2017, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree and bail jumping in the third degree, and sentencing him, as a second felony offender, to an aggregate term of four years, and order (same court and Justice) entered on or about March 7, 2019, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.
Defendant was properly sentenced as a second felony offender based on a Pennsylvania drug conviction, and the court properly denied defendant's CPL 440.20 motion challenging that adjudication. We adhere to our prior holdings that the statute at issue (35 Pa Cons Stat § 780-113[a][30]) criminalizes several discrete acts, so that it is permissible to determine, based on the accusatory instrument, that the conviction involved heroin and was the equivalent of a New York felony (see People v Ivey, 138 AD3d 574 [1st Dept 2016], lv denied 28 NY3d 931 [2016]; People v Diaz, 115 AD3d 483 [1st Dept 2014], lv denied 23 NY3d 1036 [2014]). Defendant's claim that the mens rea element of the statute is broader than its New York counterpart is unpreserved because it was not raised either at sentencing or in the CPL 440.20 motion, and we decline to review it in the interest of justice. In any event, we have previously found the necessary equivalency with regard to the statute at issue (see People v Mulero, 251 AD2d 252 [1st Dept 1998], lv denied 92 NY2d 928 [1998]).
Defendant made a valid waiver of his right to appeal (see People v Thomas, __ NY3d __, 2019 NY Slip Op 08545 [2019]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant
validly waived his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK