People v Simmons (2021 NY Slip Op 03924)





People v Simmons


2021 NY Slip Op 03924


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Barbara R. Kapnick
Angela M. Mazzarelli
Jeffrey K. Oing
JJ.


Index No. 2601/15 Appeal No. 13999 Case No. 2020-01087 

[*1]The People of the State of New York, Respondent,
v
Brandon Simmons, Defendant-Appellant.



Defendant appeals from a judgment of resentence, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 18, 2019, resentencing him, as a second felony offender, to a term of 10 years.




Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine and Malancha Chanda of counsel), for respondent.



MANZANET-DANIELS, J.P. 


Defendant was charged, under New York County Indictment No. 2601/15, with attempted murder in the second degree, two counts of assault in the first degree, two counts of attempted robbery in the first degree, and criminal possession of a weapon in the second degree, based on allegations that, on May 21, 2015, he attempted to rob a man at gunpoint and, when the man refused to turn over his gold chain necklace, shot the man in the shoulder and the leg.
On January 26, 2016, the People filed a predicate felony statement alleging that,
on August 4, 2011, defendant was convicted in Pennsylvania of "Possession with Intent to Manufacture or Deliver," under 35 Pa Cons Stat § 780-113(a)(30), and sentenced to a prison term in excess of one year. The statute prohibits the following:
"Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."
On March 28, 2016, defendant pleaded guilty to assault in the first degree in full satisfaction of the indictment in exchange for a prison term of 12 years. The court accepted the plea and directed the parties to file papers concerning whether defendant should be adjudicated a second felony offender.
On June 29, 2016, counsel appeared before the court and waived defendant's appearance. Relying on People v Mulero (251 AD2d 252 [1st Dept 1998], lv denied 92 NY2d 928 [1998]) — which held that "the Pennsylvania statute, like its New York counterpart, . . . requires 'knowing' and not merely 'reckless' possession of a controlled substance with intent to distribute" (id. at 252) — the court determined that defendant should be sentenced as a second felony offender to a 12-year prison term. On September 20, 2016, defendant was sentenced accordingly. However, he was not arraigned on the predicate felony statement.
On appeal, we modified defendant's judgment of conviction "to the extent of vacating the sentence and remanding for resentencing, including a predicate felony adjudication" (People v Simmons, 173 AD3d 646, 646 [1st Dept 2019], lv denied 34 NY3d 954 [2019]). We stated that the trial court had "correctly determined that defendant was a second felony offender based on his Pennsylvania conviction," and we "adhere[d] to our previous determination . . . that the Pennsylvania statute at issue . . . [wa]s the equivalent of a New York felony" (id., citing Mulero, 251 AD2d 252). Nevertheless, we found that defendant was "entitled to resentencing because he was not actually arraigned as a second felony offender and provided with an opportunity to controvert the allegations in the predicate felony statement" (id.).
On remand, defendant argued that the Pennsylvania conviction could not serve as a predicate [*2]felony, relying on our intervening decision in People v Muhammad (168 AD3d 549 [1st Dept 2019], lv denied 33 NY3d 979 [2019]), wherein we found that the "knowledge element" of a Florida statute similar to the Pennsylvania statute was "broader than the knowledge requirement under Penal Law § 220.16" (id. at 549).
The People argued that because the Pennsylvania statute described conduct "constituting both a misdemeanor and a felony in New York law," the court was permitted to "look to the accusatory instrument in the instant case to determine defendant's predicate felon status." Referring to the underlying Pennsylvania accusatory instrument—the criminal complaint under which defendant had pleaded guilty in August 2011—the People explained that defendant had been convicted of "knowingly" manufacturing, delivering or possessing with intent to manufacture or deliver "crack/cocaine and powder cocaine," which was a controlled substance under Pennsylvania law.
The court ruled that defendant was properly adjudicated a second felony offender. The court examined the Pennsylvania accusatory instrument, which indicated that defendant had pleaded guilty to "knowingly or intentionally possess[ing] with intent to deliver a controlled substance to wit: cocaine." The court also looked at the Pennsylvania complaint, which included an "Affidavit of Probable Cause" by a police officer involved in defendant's arrest. That affidavit confirmed that "the substances recovered from defendant field-tested positive for crack cocaine and powder cocaine." Lastly, the court reviewed the sentencing document stating that defendant had been "sentenced to undergo imprisonment for a period of not less than 18 months nor more than 60 months." The court concluded that the People had established that defendant was convicted in Pennsylvania for "possessing cocaine, not a counterfeit substance, and that, under Pennsylvania law, that crime [wa]s punishable by a term of imprisonment in excess of one year."
The court accordingly resentenced defendant to a prison term of 10 years. When arraigned on the predicate statement, defendant admitted that he had been convicted in 2011 of the Pennsylvania felony drug offense and did not raise any constitutional or other challenge to the conviction.
Defendant appeals, arguing that he was improperly adjudicated a second felony offender. The People oppose, arguing that defendant's claims are barred by collateral estoppel and in any event without merit.
Although collateral estoppel is rooted in civil litigation, it also applies in criminal prosecutions; however, the Court of Appeals has cautioned that the doctrine is not to be applied as liberally or "mechanically" as in civil cases because "countervailing policies . . . may at times outweigh the otherwise sound reasons for preventing repetitive litigation to the greatest extent possible" (People v Aguilera, 82 NY2d 23, 29-30 [1993] [internal quotation marks omitted]; see People v Sailor, 65 NY2d 224[*3], 228-229 [1985] [court appropriately declined to give preclusive effect to prior persistent felony offender determination], cert denied 474 US 982 [1985]). In criminal cases, "where defendant's liberty interest is at stake, the preeminent concern is to reach the correct result"; for this reason, "courts have tended to favor defendants in the application of collateral estoppel because of concerns for due process, double jeopardy, the right to a jury trial, [and] fundamental fairness" (Aguilera, 82 NY2d at 30). We decline to accord preclusive effect to our earlier decision, as the People urge (see generally People v Fagan, 66 NY2d 815, 816 [1985]), and accordingly reach the merits of defendant's appeal.
The knowledge requirement of the Pennsylvania statute at issue here is satisfied when it is established that the defendant knew he or she possessed an illegal substance, without the necessity of a showing that he or she knew which illegal substance was possessed (see Commonwealth of Pennsylvania v Mohamud, 15 A3d 80, 91-92 [Pa Super 2010]; Commonwealth of Pennsylvania v Sweeting, 364 Pa Super 626, 528 A2d 978 [1987], appeal denied 517 Pa 606, 536 A2d 1331 [1987]). In contrast, the knowledge requirement under the New York Penal Law sections relevant here "demands proof of 'knowledge that the item at issue was, in fact, the controlled substance the defendant is charged with selling or possessing'" (Muhammad, 168 AD3d at 549, quoting People v Ramos, 145 AD3d 432, 433 [1st Dept 2016]). This presents the possibility that defendant could have been convicted of a felony under the Pennsylvania statute without being guilty of a felony in New York.
However, a sentencing court may go beyond the statute and examine the underlying accusatory instrument when the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors in New York (see People v Nobles, 183 AD3d 451, 451 [1st Dept 2020], lv denied 35 NY3d 1068 [2020]; People v Lynch, 131 AD3d 876, 877 [1st Dept 2015], lv denied 26 NY3d 1041 [2015]; People v Ricketts, 38 AD3d 291, 292 [1st Dept 2007], lv denied 8 NY3d 989 [2007]).
An examination of the underlying accusatory instrument revealed that defendant had "knowingly manufacture[d], deliver[ed] or possess[ed] with intent to manufacture or deliver (crack/cocaine and powder cocaine), a controlled substance." Accordingly, defendant's Pennsylvania conviction was the equivalent of a felony in New York, and defendant was properly adjudicated a second felony offender.
We perceive no basis for a reduction in sentence.
Accordingly, the judgment of resentence, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 18, 2019, resentencing defendant, as a second felony offender, to a term of 10 years, should be affirmed.
Judgment of resentence, Supreme Court, New York County (Robert M. Stolz, J.), rendered December [*4]18, 2019, should be affirmed.
Opinion by Manzanet-Daniels, J.P. All concur.
Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021